JOHN BURNS *vs.* METROPOLITAN BUILDING ASSOCIATION.

EQUITY.   No. 7445.

{ Decided November 10, 1884.
{ The CHIEF JUSTICE and Justices MAC ARTHUR and JAMES sitting.

The terms of a building association contract with its borrower or advancee, discussed and held not to be usurious.

THE CASE is stated in the opinion.

T. JESUP MILLER and R. B. LEWIS for plaintiff.

WM. HENRY BROWNE for defendant.

Mr. Justice JAMES delivered the opinion of the court.

The transaction out of which this suit grows was of the ordinary kind under the usual articles of these building associations, in which the borrower or advancee, whichever he may be called, receives a certain amount of money proportioned to the stock held by him under the rules of the association, and gives a bond, not for the repayment of the money, but binding him to do a specific thing, to wit, to pay upon each share of his stock two dollars monthly, and to do so until there shall have·been realized a profit of fifty per cent. on the stock of the association. In addition to this bond, he gives also a deed of trust as a further security for the performance of his obligation. The trust authorizes the trustees in case of default in performance to sell the property, and in making their distribution of the proceeds to retain the amount of this advance or loan. The only positive and absolute obligation which the borrower or advancee enters into, is to pay two dollars a month for a period of time as yet unascertained.

In this case the complainant, who has filed a bill to restrain the trustees from selling this property under the trust, had received a certain advance and had made considerable payments. He then ceased, on the assumption on his part that the time had arrived, according to the contract, when no further payments could be required of him.

One of the grounds upon which he claims relief is that the contract is *usurious,* and that he is not bound to perform it beyond the payment of the principal.

We have held in the cases of Pabst *vs.* Building Association, 1 Mac A., 385, and in the case of Mulloy *vs.* Building Association, 2 Mac A., 594, that contracts similar to this were not usurious. It was contended, however, with a good deal of earnestness, that the opinions in those cases were *obiter dicta,* so far as they undertook to decide the question of usury; that the question was not involved in those cases, and that the court ought not to hold itself bound by them as a precedent.

For that reason we have looked into this contract, under the influence, however, of a strong feeling that unless the grounds for holding it to be usurious were very plain, we would not undertake to disturb what has been supposed, for so long a time, to be the attitude of this court.

We take it that usury is involved only when there is an absolute undertaking binding the person to do a certain thing, namely, to pay back the principal of the loan, and, whether by contract or by some artifice, to pay usurious interest. Here there is no undertaking at all to repay the principal of this loan. The undertaking is to pay two dollars a month on this stock, one dollar of which, it is admitted, is payable as dues, and the other as a contribution to the profits upon the stock. But that undertaking is not to continue for any specific length of time. Its performance may continue a longer or shorter period, and if all of the borrowers, or parties upon whose stock money is advanced or loaned keep their promises, the period is shortened, because just so much sooner does the period arrive when the profits on the stock amount to the stipulated fifty per cent.

To the extent that the period is shortened by the performance of the contract, the amount to be paid is reduced, and the borrower receives in that way the benefit of his payments. There are two elements, therefore, for consideration. The borrower takes, in one case, a part of the

benefit in the execution of the contract, not because the proceeds are distributed to him, but by shortening the period during which he shall pay. The other is, that the form of contract does not oblige him to continue paying for any specific length of time, and does not amount in itself, therefore, to an undertaking to repay this advance. It may happen that he may be discharged from the obligation to continue these payments before he shall have paid back the principal and the legal interest. The probability may be the other way, but the undertaking does not make it so.

The result, then, is that the contract is not in itself usurious. The borrower, it is true, has the privilege of discharging himself, at any time, from his absolute obligation to pay two dollars a month, by coming forward and settling up with the association, and the argument that this was an usurious contract was rested chiefly on the theory that such a settlement could not be had except upon the basis of usury. But even supposing that to be the case, viz., that the settlement would involve the payment of more than the principal and legal interest. Yet it is not a settlement which the borrower is bound to make. He has the choice either to perform an obligation which is not in itself usurious, or discharge himself from its performance by selecting another mode of settlement. An alternative which a person may adopt from choice, not being an obligation, cannot itself be an usurious contract: it is only a method which he may adopt of discharging himself from another contract.

Again, the plaintiff comes here for equitable relief, and asks this court to interpose in his behalf, and I think we all agree that the principle fairly applies that he must perform his contract first. He informs us that he proposes to discharge himself from the obligation to pay two dollars a month by adopting the alternative that had been offered to him, and he cannot ask us to relieve him unless he is willing to perform and does perform this alternative. The result is that the account must be stated according to the contract between him and the association as exhibited in the con-

stitution which is referred to in his decd of trust as a part of the contract, and which furnishes the evidence of it.

The conditions on which he may offer that settlement are expressed in article. 15 of the articles of association, which provide that "any stockholder desiring to settle an advance shall be charged with the actual amount advanced to him, and credited with the amount of dues paid in upon the stock upon which such advance has been made, thereby cancelling said stock, and shall be allowed the same amount of interest on said payment of dues as is allowed to those shares withdrawn, on which no advance has been made; and upon the payment of the balance found to be due the association, he shall be entitled to a deed of release."

At the time when this transaction was initiated, the constitution provided, by the next article, that stockholders might withdraw, receiving back their dues, and ten per cent. profit. The constitution, as it is called, although it is only the articles of agreement between the members of a voluntary association, and not the members of a corporation, provides for its amendment by the vote of two-thirds of all the stockholders present at one of the regular monthly meetings. This was undertaken, it is said, at a regular monthly meeting. This proof of amendment was not produced, but by consent of the parties, the minutes were brought into court, they merely set out the general fact that the amendment reducing this ten per cent. profit on the dues paid in, to six per cent. had been passed. An accompanying affidavit set forth that it was done by a unanimous vote, and, therefore, of course, by a vote of two-thirds of all the stock holders present. This affidavit was admitted subject to any objections as to its force.

But even if it be conceded that the amendment was proven by competent testimony to have been adopted, its adoption would not alter the contract that had already been entered into. The provision of this constitution allowing amendments to be made in future, is not to be construed as authorizing two-thirds of the stockholders to alter a contract which had already been made. They might make future arrange-

ments under it, but not change the existing rights of parties. Moreover, it is to be observed, that the amendment was not of this 15th article, but of the article specifically relating to persons who wish to withdraw entirely from the association. We construe this 15th article, therefore, as being unchanged, and requiring that the borrower or advancee, desiring to settle up, shall be credited the amount that he has paid in monthly on his stock ; that is to say, the dollar a month, and ten per cent. on that and the balance he must pay. Now, if the plaintiff wants our assistance, he must perform either the contract he has entered into or the alternative he has adopted for discharging himself. The auditor has ascertained the amount required for settlement, calculating the interest at six per cent., but the account is easily recast by adding four per cent.

This was the obligation of the plaintiff when he commenced his suit, and as he has delayed the association by withholding payment, he must pay interest during that time.

The decree can easily be made up from these elements.